**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

TIMOTHY MARK WHITE
ADC #105367                                                        PETITIONER


VS.                                  5:07CV00110 BSM/JTR


LARRY NORRIS, Director,
Arkansas Department of Correction                                  RESPONDENT


**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I.  Background

Pending before the Court is Respondent's Motion to Dismiss this § 2254 habeas action. (Docket entry #10.) Petitioner has filed a Response. (Docket entries #14-#16.) Thus, the issues are joined and ready for disposition.

Before addressing Respondent's Motion, the Court will review the relevant procedural history of the case. On January 16, 1995, Petitioner entered a guilty plea to one count of rape in Carroll County Circuit Court.  (Docket entry #11, Ex. A.)  According to the sentencing departure report, Petitioner admitted to raping an 11-year-old girl by digital penetration, while the victim was at Petitioner's girlfriend's house for a slumber party.  The Judgment and Commitment Order was entered on January 25, 1995. *Id.* Petitioner was sentenced to 28 years' incarceration in the Arkansas Department of Correction. *Id.* Because Petitioner entered a guilty plea, he had no right to appeal his conviction and sentence. *See* Ark. R. App.– Crim. P. 1(a).

On May 16, 2007, Petitioner filed this federal habeas action in which he asserts: (1) he was taken into custody with a defective search warrant; (2) no DNA evidence was taken from him and the outcome of the case would have been different if such evidence had been obtained; (3) his counsel was ineffective; and (4) police coerced him into giving an incriminating statement . (Docket entries #1 and #3.)  Respondent has filed a Motion to Dismiss, arguing that the Petition is barred by the applicable statute of limitations.  (Docket entry #10.)

For the reasons explained below, the Court concludes that this habeas action was untimely filed, and recommends that the Motion to Dismiss be granted.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a habeas petition must be filed within one year of the date on which the state "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A). Where certiorari from the United States Supreme Court is not sought, the running of the statute of limitations for purposes of § 2244(d)(1)(A), "is triggered. . . by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ [of certiorari]." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir.1998), *cert. denied*, 525 U.S. 1187 (1999).

As indicated earlier, Petitioner had no right to appeal the conviction resulting from his guilty plea.  Therefore, his conviction was "final" on January 25, 1995, the date the trial court entered the Judgment and Commitment Order.

Petitioner's conviction was final well *before* AEDPA's enactment on April 24, 1996.  In such cases, the Eighth Circuit has consistently held that, if a habeas petitioner's conviction became "final"

before the AEDPA was enacted, then the petitioner has a one-year "grace period" from the date of

the enactment of the AEDPA (as opposed to the date on which the conviction became final) to file

his habeas action in federal court.  *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999).

Accordingly, if a petitioner's state conviction became final anytime before April 24, 1996, then he

has until April 24, 1997 to file his habeas action in federal court.  *Moore v. United States*, 173 F.3d

1131, 1135 (8th Cir. 1999).  Because the Petition in this case was filed approximately a decade

beyond this date, the Court concludes that it was filed well outside of the limitations period imposed

by § 2244(d)(1).

The AEDPA also provides that the one-year limitations period is tolled while a "properly

filed" application for post-conviction relief is pending in state court.  28 U.S.C. § 2244(d)(2). The

statutory tolling period begins when a petition for post-conviction relief is filed in the trial court and

runs, in one continuous block of time, until the highest state appellate court enters a decision on

appeal.  *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002).

In support of his statutory tolling argument, Petitioner claims that: (1) he filed a § 1983

lawsuit against the police officers who threatened him; (2) he filed a Rule 37 Petition claiming

ineffective assistance of counsel; and (3) he filed unspecified "petitions" concerning his warrants.

(Docket entry #15.)  Petitioner contends that he filed these pleadings in "the mid to late 90's and

early 2000."  (Docket entry #15 at 1.)  However, other than providing this Court with a "Motion for

Transcript" and "Motion for Discovery," which were filed in the Carroll County Circuit Court on

June 9, 2008, Petitioner has filed nothing to suggest he actually pursued a timely Rule 37 Petition

in state court. (Docket entry #16.)

The Court has contacted the Clerk of the Carroll County Circuit Court.  According to the

Clerk, in August of 1999, Petitioner filed a Petition for Reduction of Sentence, a Motion for

Transcript for Rule 37 Proceedings, and a Motion for Appointment of Counsel, all of which were

denied on August 24, 1999.  Petitioner did not appeal the denial of these Motions.  Even if some of

these motions could be considered applications for post-conviction relief, they were all filed *after*

the expiration of the April 24, 1997 limitations period.  In *Jackson v. Dormire* , 180 F.3d 919, 920

(8th Cir. 1999) the Court held that the pendency of a state post-conviction proceeding cannot have

a tolling effect if it was filed after the expiration of the federal habeas limitations period. Thus,

Petitioner cannot avail himself of statutory tolling in this case.

Finally, because 28 U.S.C. § 2244(d) is a statute of limitation, rather than a jurisdictional bar,

equitable tolling may be applicable.  *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999).

However, the Eighth Circuit has cautioned that "[a]ny invocation of equity to relieve the strict

application of a statute of limitations must be guarded and infrequent, lest circumstances of

individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d

974, 976 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003).  Accordingly, equitable tolling is

proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to

file a petition on time," or when "conduct of the defendant has lulled the plaintiff into inaction."

*Kreutzer v. Bowersox*, 231 F.3d 460, 462 (8th Cir. 2000).

In support of equitable tolling, Petitioner claims that his lawyer told him that he could not

appeal.  Because Petitioner elected to enter a guilty plea, such a statement by his attorney, if it were

made, would be an accurate statement of the law.  Thus, the Court concludes that Petitioner has

failed to show the type of serious attorney misconduct that is necessary to establish equitable tolling.

*See United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) (*citing Spitsyn v. Moore*, 345 F.3d

796, 798 (9th Cir.2003) (tolling statute of limitations due to the "extraordinary circumstance" of egregious misconduct on the part of petitioner's attorney)); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir.2003) ("It is not inconsistent to say that attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period while acknowledging that at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary.").

Finally, Petitioner has not established a claim of "actual innocence" to warrant equitable tolling. *See Flanders v. Graves*, 299 F.3d 974, 977-78 (8th Cir. 2002), *cert. denied*, 537 U.S. 1236 (2003) (actual innocence may be relevant to equitable tolling where a petitioner shows some action or inaction on respondent's part that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #10) be GRANTED, and the case DISMISSED, WITH PREJUDICE.

Dated this 5th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE